IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3066 |
| | ) | |
| v. | ) | |
| | ) | |
| LORI C. SAYLOR, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Until the end, I gave Lori C. Saylor a lot of breaks. I reduced her drug conspiracy sentence by half, from 120 months to 60 months, on motion of the government. I dismissed without prejudice a petition for an offender under supervision that was predicated upon Saylor's abuse of amphetamine and methamphetamine when she seemed to have turned things around after the petition was filed.

    My leniency came to end several months after the first petition was dismissed when Saylor's home was searched. It became apparent that she continued to abuse drugs while maintaining 32 fluid ounces of "clean" urine to assist her if she attempted to beat a drug test. Additionally, she was associating with a prohibited person. Her boyfriend, a convicted felon, was found in her backyard with drugs and large quantities of cash.

    Observing that Saylor had been the beneficiary of a sentence reduction motion and the conduct associated with her noncompliance posed a high risk of new felonious conduct, I followed the sentencing recommendation of the extraordinarily able probation officer (filing no. 67 at CM/ECF p. 3). That is, I imposed the maximum prison sentence of 36 months with one year of supervised release to follow.

Saylor has now filed a § 2255 motion arguing essentially that I violated the law when I sentenced her because "the record lacks any evidence to support a departure above the applicable guideline range [of 5 to 11 months]" and because I did not explain myself. (E.g., filing no. 77 at CM/ECF p. 9.) She also asserts that I should have sentenced her to six months in prison and one year of supervised release.

Saylor's motion is frivolous. First, I did recite two distinct reasons for going above the Guideline range of 5 to 11 months. (E.g., filing no. 76 (Statement of Reasons).) Thus, there was no procedural error. Second, because Saylor was a beneficiary of leniency when her prison sentence was cut in half, the Guidelines specifically authorized a sentence above the range set for a violation of supervised release. *See* U.S.S.G. § 7B1.4, application note 4. Third, Saylor's continued noncompliance with the conditions of supervision despite numerous and repeated opportunities to correct her behavior plainly required a stiff sentence both to protect the public and to serve the interests of specific and general deterrence. Substantively, there was no error.

IT IS ORDERED that the Motion to Vacate under 28 U.S.C. § 2255 (filing no. 77) is denied and dismissed with prejudice. No certificate of appealability will be issued by the undersigned. A separate judgment will be issued.

DATED this 6th day of February, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge